DAVID G. TORRES-SIEGRIST State Bar No. 220187
TORRES|SIEGRIST
440 E. Huntington Dr.
Suite 300
Arcadia, CA 91007
Phone:      (626) 432-5460
Facsimile:  (626) 446-8927
*dgts@icloud.com*
**Attorneys for Plaintiff JAY MARK CALUMPAD BALABIS**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT**

| | |
|---|---|
| JAY MARK CALUMPAD BALABIS individual<br><br>Plaintiff,<br>vs.<br><br>ELAINE ANGELICA LINGA, an individual and also doing business as INVESTED LIFESTYLE and SIMPLYDRIVENLIFE and Does 1-50<br><br>Defendants. | **Case No.: 2:23−cv−07850−JLS−E**<br><br>**DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ. IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION (DOCKET NO. 22)**<br><br>**Honorable Josephine L. Staton**<br>**U.S. District Court Judge** |

1

**DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ.**
**IN RESPONSE TO COURT'S ORDER TO SHOW CAUSE**

**DECLARATION OF DAVID G. TORRES-SIEGRIST**

I, David G. Torres-Siegrist declare as follows:

1. I am an attorney at law licensed to practice before all the Courts of the State of California, and the U.S. District Court, Central District. I am the principal of Torres+Siegrist Law, APC attorney of record for Plaintiff JAY MARK CALUMPAD BALABIS in the above-entitled matter. I have personal knowledge of the facts surrounding the present action and all facts herein stated. If called upon to testify, I could and would competently do so under oath as to the truth of the matters stated herein.

2. I make this Declaration in Support of Plaintiff's Response to the COURT'S ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF PROSECUTION (DOCKET NO. 22).

3. My client, Mr. BALABIS is a Citizen of the Republic of the Philippines.

4. Plaintiff has faced unavoidable challenges that have temporarily impeded progress in this case, including travel restrictions. Plaintiff has not abandoned this litigation and remains committed to prosecuting the case diligently.

5. As of last fall, plaintiff has been attempting to secure a visa to travel to the United States for purposes of trial in this matter.

6. To date, plaintiff has not been successful in obtaining the visa due to unforeseen significant delays in processing travel visas.

7. As a result, I and defense counsel in late January and early February had been discussing the submission of a stipulation to continue trial in this matter due to my client's visa dilemma as well as defense counsel's calendar conflict.

8. I was in the process of drafting the subject stipulation when the Court's order to show cause issued.

9. Respectfully, Plaintiff diligently pursued discovery in this matter and is prepared to proceed to trial on the merits of his case.

2

**DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ**

10. However, his inability to secure a visa to date poses an obstacle to his physical appearance at trial.

11. My client was recently informed by the United States Embassy in the Philippines that his visa should be processed within the next sixty 60 days.

12. Additionally we were unable to coordinate with the panel mediator due to plaintiff being in the Philippines and the 16-hour time difference.

13. Despite any delay in participating in an in-person mediation, Plaintiff has taken meaningful steps to advance the litigation, including propounding discovery, and participating in informal settlement discussions. Given these efforts, dismissal would be unwarranted.

14. I believe that a Mandatory Settlement Conference (MSC) would be beneficial for both parties and can be available on short notice. I request that the plaintiff be permitted to appear via Zoom due to his travel visa issues. Additionally, given the 16-hour time difference between California and the Philippines, I ask that the MSC be scheduled later in the day. For instance, a 10:00 AM Pacific Time start would be 2:00 AM in the Philippines, whereas a 1:30 PM Pacific Time start would be 5:30 AM in the Philippines.

15. Respectfully, Plaintiff requests a brief continuance of the trial to allow Mr. BALABIS the opportunity to be physically present.

16. Given that dismissal is an extreme remedy, Plaintiff respectfully urges the Court to allow this case to proceed.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct.  Executed on February 13, 2025 at Arcadia, California.

_____
DAVID G. TORRES-SIEGRIST, ESQ., DECLARANT

3
**DECLARATION OF DAVID G. TORRES-SIEGRIST, ESQ**

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

Dated: February 13, 2025

**TORRES | SIEGRIST**

By: _____

DAVID G. TORRES-SIEGRIST
Attorneys for Plaintiff